UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Jeffrey A. Cogan, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Arnaldo Trabucco, M.D., et al.,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-01220-KJD-BNW<br><br>**Order re [5]** |

　　　　Before the Court is a motion by plaintiffs Jeffrey A. Cogan individually and Jeffrey A. Cogan, Esq., Ltd., (together, "Cogan") to effect service by publication and extend the time for service. ECF No. 5. Before Cogan can be permitted to effect service by publication, the Nevada Rules of Civil Procedure require him to establish the impracticability of other service methods. He has not done so, so Cogan's request for this relief will be denied. However, Cogan has shown excusable neglect for his failure to effect service. Therefore, the Court will wield its discretion to extend the time for service by 60 days from today's order.

**I.    Background**

　　　　Cogan initiated this matter in June 2020 with a complaint for declaratory relief against defendant Arnaldo Trabucco, M.D. ECF No. 1. The history between the parties began as early as 2012, when Trabucco filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada. *Id.* at 3. In 2013, Cogan made an appearance in the bankruptcy action—on behalf of his clients, who are not parties to this matter—and filed a "Complaint to Determine Nondischargebability of Debts . . . and for Common Law Negligence." *Id.* Trabucco and Cogan's clients eventually stipulated to dismiss this complaint. *Id.*

　　　　Later, however, Trabucco sued Cogan in Arizona state court for malicious prosecution and abuse of process. *Id.* at 4. At trial, Trabucco obtained a more-than $8 million jury verdict

against Cogan on both counts. *Id.* That verdict appears to be on appeal in the Arizona state court appellate system. *Id.* at 5. But in this underlying matter, Cogan seeks a declaratory judgment that the state court in Arizona lacked subject-matter jurisdiction to adjudicate any claims against Cogan for actions taken in the bankruptcy action. *Id.* at 5–6.

Trabucco has not been personally served with a summons or Cogan's complaint. In October 2020 the Clerk of Court entered a notice informing Cogan that his complaint would be dismissed unless he could provide proof of service. ECF No. 4. Cogan, in response, filed the underlying motion.

**II.     Service by publication**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[1] NRCP 4.4 provides:

(c) **Service by Publication.**   If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
  (1) **Conditions for Publication.**   Service by publication may only be ordered when the defendant:
     (A) cannot, after due diligence, be found;
     (B) by concealment seeks to avoid service of the summons and complaint; or
     (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
  (2) **Motion Seeking Publication.**   A motion seeking an order for service by publication must:
     (A) through pleadings or other evidence establish that:
        (i) a cause of action exists against the defendant who is to be served; and
        (ii) the defendant is a necessary or proper party to the action;

4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

      Here, the Court will deny Cogan's motion for service by publication. Cogan failed to cite the provision of federal or state law that permits service by publication, and his motion therefore does not address many of NRCP 4.4(c)'s requirements. For example, Cogan did not offer any newspaper(s) where he intends to publish the summons and complaint and which is reasonably calculated to give actual notice to Trabucco. Cogan's process server identified possible current and former residences and workplaces in California, Florida, and Arizona, so Cogan may have to

---

      (B)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
      (C)  provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
      (D)  suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
      (E)  if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
          (i)  the defendant's last-known address;
          (ii)  the dates during which the defendant resided at that location; and
          (iii)  confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[2]    NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); FED. R. CIV. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

suggest publication in several newspapers. If Cogan chooses to refile his motion for service by publication, he should explain how his proffered newspapers are reasonably calculated to give actual notice to Trabucco.

More fundamentally, however, the Court finds that Cogan does not meet the first of NRCP 4.4(c)'s eight requirements because he has **not** shown that other service methods are impracticable. As stated, Cogan's process server identified several possible current and last-known addresses where Trabucco works or resides—including workplaces in Pensacola, Florida and Merced, California—but it does not appear that service was attempted there. In fact, for all of the address information that Cogan identified as possibly belonging to Trabucco, it appears that service was only attempted at one location— a P.O. Box. Therefore, Cogan has not shown that it is impracticable to effect personal service upon Trabucco under NRCP 4.2 and 4.3.

At bottom, based on the record before the Court it appears that a request for service by publication is premature. If Cogan chooses to refile his motion, he must address and meet each of the requirements for service by publication, otherwise the Court cannot grant him relief.

**III.    Enlarging the time for service**

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted). To determine whether excusable neglect rises to the level of good cause, the Court must analyze whether: (1) the party to be served personally received actual

notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, Cogan filed his complaint on June 28, 2020, so the 90-day deadline for service expired on September 26, 2020. The Clerk of Court issued her notice of intent to dismiss on October 5, 2020, and Cogan did not move for relief until three weeks later. The Court finds that Cogan has not been diligent. Therefore, the Court further finds that there does not exist good cause at the first step.[3]

The Ninth Circuit has declined to articulate a specific test that a court must apply at the second step of the Rule 4(m) analysis. *In re Sheehan*, 253 F.3d at 513. Instead, the Ninth Circuit has emphasized that the Court's discretion at the second step is broad. *Id.* However, other courts have allowed the following factors to guide their discretion: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz. 2011).

The Court finds that there exists excusable neglect for the failure to effect service. For the first factor, the Court notes that this matter has not advanced beyond the pleading stage and has not been pending for a significant amount of time. Thus, the first factor weighs in favor of excusable neglect because the requested extension will cause little, if any, prejudice to the opposing party. The second factor likewise weighs in plaintiff's favor because a 60-day extension on the time for service will have little consequence on these judicial proceedings. The third factor likewise weighs in plaintiff's favor because Cogan underwent a triple bypass heart surgery in June 2020. This procedure, and the necessary recovery time, contributed at least in part to Cogan's failure to effect service. Finally, the Court believes that Cogan moves in good faith, so the fourth factor weighs in his favor, too.

---

[3] Because the Court finds at the first step that Cogan has not been diligent (and consequently that there does not exist good cause), the Court declines to reach Cogan's argument regarding whether Trabucco has actual or constructive notice of this matter and how that notice bears on good cause.

On balance, the Court finds that Cogan has established excusable neglect. Accordingly, the Court wields it discretion to extend the time for service by 60 days from today's order. Cogan is instructed that if he seeks an additional extension of time for service, the Court will closely scrutinize what efforts Cogan made to serve Trabucco between today's order and any subsequent motion.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Cogan's motion (ECF No. 5) is GRANTED in part and DENIED in part.

IT IS ORDERED that Cogan's request for service by publication is DENIED without prejudice. If Cogan chooses to refile, he must address all of NRCP 4.4(c)'s requirements.

IT IS FURTHER ORDERED that the deadline for service is extended up to and including 60 days from today's order.

DATED: December 7, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE